UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHELSEA CULVER                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:14CV-660-S

QUINTAURUS R. WILSON, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Chelsea Culver, to remand this automobile accident case to the Jefferson County, Kentucky, Circuit Court.

Culver filed this action in the state court on September 10, 2014.  The defendants, Werner Enterprises, Inc. and Quintaurus R. Wilson,  propounded interrogatories, requests for admissions, and a request for production of documents.  They then filed a motion to strike the reference in the complaint to a moniker of defendant Wilson (Compl., ¶ 2), contending that the plaintiff's reference to this name was intended tp embarrass Wilson and the reference bore no relation to the action.  The defendant also sought to strike the statement that the complaint

> is brought against all employees and agents of Werner involved in this incident and against the officers, directors, managerial agents, supervisors, and safety personnel for Werner who set policy or who play an active or passive role in the policy making and/or in the hiring, training, and supervision of the employees of Werner.

Compl., ¶ 8.  The defendants contended that the laundry list of Werner-related individuals, whose identity and involvement in the events was not alleged, should be stricken from the complaint.  The state court judge heard argument and denied the motion.  On October 1, 2014, the defendants removed the action to this court under our diversity jurisdiction.  Culver has moved to remand, not

on the ground that diversity jurisdiction is lacking,[1] but rather that the defendants waived their right of removal.

The foregoing activities in the state court action did not operate to waive the defendants' right to remove the action within the thirty-day removal period. They timely removed twenty-one days following the filing of the suit.

The case often quoted by courts in the Eastern and Western Districts of Kentucky in conjunction with a waiver analysis is *Bedell v. H.R.C. Ltd.*, 522 F.Supp. 732 (E.D.Ky. 1981) which states:

> It may now be considered well settled that:
>
> "...actions which are preliminary and not conclusive in character and which do not actually submit the merits of a claim for a binding decision do not constitute a waiver of defendant's right to remove and this principle has applied to motions to vacate temporary restraining orders and injunctions such as that involved herein." [citations omitted].
>
> This court adopts the view that although waiver of the right of removal is possible, "the defendant's intent (to waive) must be clear and unequivocal." [citation omitted]. Wavier will not occur by defensive action in the state court, short of proceeding to an adjudication on the merits. [citation omitted]. Although, waiver will occur if the defendant files a permissive pleading seeking affirmative relief or takes affirmative action resulting in an adjudication on the merits of an issue which could result in the dismissal of the action in whole or in part, [citation omitted], the mere *filing* in the state court of a pleading raising a defense which might be conclusive of the merits is insufficient for waiver. There must be further action on the part of the defendant resulting in a decision on the merits of the defense.

522 F.Supp. at 738 (emphasis in original). *See also Queen v. Dobson Power Line Const. Co.,* 414 F.Supp.2d 676, 679 (E.D.Ky. 2006)(removal immediately on the heels of an adverse grant of partial summary judgment was effectively "gaming the system," and removal right waived); *Akwei v. JBS*

---

[1] The Notice of removal states that Culver is a citizen of Kentucky, Wilson is a citizen of Tennessee and Werner is a Nebraska corporation with its principal place of business in Nebraska.

- 3 -

*USA, LLC*, No. 3:13-CV-00819-CRS-JDM, 2014 WL 2457389 (June 2, 2014)(answers, interrogatories, and requests for production did not waive removal right, as there was no adjudication of the merits; quoting *Clark v. Psybar, LLC*, 2013 WL 6222982, *2-3 (W.D.Ky. Nov. 27, 2013), which quotes *Bedell*); *Hughes v. UPS Supply Chain Solutions, Inc.*, 815 F.Supp.2d 993 (W.D.Ky. 2011)(motion for partial judgment on the pleadings fully briefed, argued and denied, waived removal, citing *Bedell).*

The court, in its discretion,[2] finds that the discovery and motions filed and disposed of in the state court did not waive the defendants' right to remove the action to federal court. The motions were not dispositive of any claim in the case. The motion concerning the moniker sought merely to remove the purportedly impertinent designation. The motion concerning the breadth of the claim against Werner addressed the fact that various individuals were identified solely by their capacity or relationship to Werner, but were unknown and unnamed in the complaint. We do not find this to be the sort of defensive action which evidences clearly and unequivocally an intent to waive the right of removal.

Culver's motion to remand will therefore be denied by separate order.

**IT IS SO ORDERED.**

November 19, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[2]"'The defect of untimeliness in removal cases is not jurisdictional, but merely "modal and formal."' *Manas y Pineiro v. Chase Manhattan Bank, N.A.,* 443 F.Supp. 418, 420 (S.D.N.Y. 1978)(citing *Ayers v. Watson*, 113 S.Ct. 594, 598, 5 S.Ct. 641, 28 L.Ed. 1093 (1885)). Therefore, it is within the discretion of the federal court to determine whether the case has proceeded too far in the state court." *Queen*, 414 F.Supp.2d at 679.