UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CHELSEA CULVER,**

    **Plaintiff,**

v.      CASE NO. 3:14-CV-660-CRS-CHL

**QUINTAURUS R. WILSON, et al.,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

This matter is before the Court on the motion of Defendant Werner Enterprises, Inc. ("Werner") for a protective order ("Motion") (DN 32) that would strike a Deposition Notice issued by Plaintiff Chelsea Culver ("Culver"). Culver did not file a response to the Motion.[1] This matter is now ripe for review.

**Background**

In its Motion, Werner asks the Court to enter a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, striking a deposition notice ("Deposition Notice") (DN 27) issued by Culver. On February 11, 2015, Culver issued a notice (DN 27) that she intended to take a video deposition, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, of a designated representative of Werner. Culver scheduled the deposition for March 6, 2015 at the offices of Culver's counsel in Louisville, Kentucky. (DN 27 at 1.) The Deposition Notice included 35 "Items of Inquiry" and 27 "Documents Requested to be Produced." (DN 27 at 3-8.)

On March 4, 2015, Werner filed the Motion. (DN 32.) Werner contends that, prior to serving the Deposition Notice, Culver's counsel did nothing to indicate that Culver was seeking

---

[1]     Failure to timely respond to a motion may be grounds, in itself, for granting the motion. LR 7.1(c).

to depose a representative of Werner. (DN 32-1 at 1.) Therefore, Werner alleges, neither it nor its counsel had knowledge that Culver sought to depose a Werner representative until the Deposition Notice was served. Werner represents that its principal place of business or headquarters is located in Omaha, Nebraska. (DN 32-1 at 1.) Werner submits that a defendant cannot be compelled to be deposed in a district other than district in which its residence or principal place of business is located. (DN 32-1 at 2.)

Werner argues that its Motion satisfies the requirements of Fed. R. Civ. P. 26(c) and LR 37.1. First, Werner contends, the following factors establish that good cause exists for setting aside the Deposition Notice and rescheduling the deposition: (1) a defendant cannot be compelled to be deposed in a district other than the district of its principal place of business; (2) Werner's counsel attempted to arrange the attendance of a Werner representative, but was unable to do so due to scheduling conflicts and lack of sufficient notice; and (3) no time-sensitive issues exist in this case that would support holding the deposition on the date chosen by Culver. (DN 32-1 at 2.) Finally, Werner maintains that it met the requirements of LR 37.1 by contacting Culver's counsel more than once to make a good-faith effort to reschedule the deposition. (DN 32-1 at 2-3; *see* DN 32-3.) Werner represents that Culver's counsel refused to withdraw the Deposition Notice and reschedule the deposition even after Werner's counsel agreed to make a representative available for deposition in Werner's principal place of business. (DN 32 at 3.)

Werner requests that the Court strike the Deposition Notice and require the parties to reschedule the deposition for a date agreed to by both parties and to be held in Omaha, Nebraska.[2]

---

[2] Werner also requests that the Court "protect the witness from any possible sanction for failing to appear at any noticed deposition pending by the Plaintiff without an agreed rescheduled time for said deposition." (DN 32-1

**Discussion**

Werner has moved for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 26(c)(1), a party or person from whom discovery is sought may move for a protective order in the court where the action is pending, or, in matters relating to a deposition, in the court for the district where the deposition will be taken. Fed. R. Civ. P. 26(c)(1). A motion for a protective order brought under Rule 26(c) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Where good cause is shown, the Court "may . . . issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* Such an order may "includ[e] one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A), (B).

The Court finds that entry of a protective order pursuant to Rule 26(c)(1) is appropriate under the circumstances of this case. Werner has brought its Motion in the proper venue, given that this matter is pending in the Western District of Kentucky and that Culver seeks to depose a Werner representative in this district. Additionally, the Court is satisfied that Werner's counsel satisfied Rule 26(c)(1) and LR 37.1's requirement that counsel confer, or attempt to confer, prior to filing a discovery-related motion. Werner's counsel contacted Culver's counsel by mail on February 20, 2015, and represents that its counsel made additional attempts to resolve the matter, but such efforts were unsuccessful. (*See* DN 32-3, addressing Werner's representatives'

---

at 3.) This request for "protection" is misplaced. Under the circumstances, the Court sees no reason to sanction Werner, on its own motion, for any conduct by it or its representative(s) to date. Moreover, Culver has not, by motion or otherwise, requested that the Court sanction Werner or its representative(s).

unavailability on the date set by Culver and requesting that counsel work together to reschedule a deposition at or near Werner's principal place of business.)

The final element of Rule 26(c)(1) that Werner must satisfy is to establish that "good cause" exists in support of entry of a protective order. Fed. R. Civ. P. 26(c)(1). The Court has authority to "forbid[] the disclosure or discovery," or "specify[] terms, including time and place, for the disclosure or discovery." Rule 26(c)(1)(A), (B). The Court interprets Werner's Motion to seek issuance of a protective order to "protect [it] from . . . undue burden or expense" that would result from having to make its representative(s) available for a deposition in Louisville, Kentucky, rather than at its principal place of business in Omaha, Nebraska. *Id.* Werner's requested remedy is that the Court strike the Deposition Notice and order the parties to confer to reschedule a deposition in Omaha on a date agreeable to both parties. The Court finds that to require a Werner representative to be deposed in Louisville, Kentucky, rather than in Omaha, Nebraska, would impose an undue burden on Werner.

"[A]n 'examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under Rule 26(c)[] designating a different place." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (S.D. Mich. 1987) (quoting Wright and Miller, *Federal Practice and Procedure: Civil*, Sec. 2107). District courts of the Sixth Circuit have held that a rule has "evolved" such that "in federal litigation, in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar*, 116 F.R.D. at 72. "As a general rule, a plaintiff may be required to attend a deposition in the district where the case was filed, but a defendant may insist on being deposed in the district where he resides." *Undraitis v. Luka*, 142 F.R.D. 675, 676 (N.D.

4

Ind. 1992). "The general rule is that the deposition of a corporation by its agents and officers should be taken at the corporation's principal place of business." *Steppe v. Cleverdon*, 2007 U.S. Dist. LEXIS 54154, *5 (E.D. Ky. 2007) (citing *Chris-Craft Indus. Prods., Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607 (N.D. Ill. 2009); *see also Farquhar*, 116 F.R.D. at 72 ("[I]t will be presumed that the defendant will be examined at his residence or place of business or employment") (quotation omitted). The rationale behind this rule is that the plaintiff chose the forum voluntarily, but the defendant is an involuntary participant in the litigation. *Id.* (citations omitted). This is true even where, as here, the defendant removed the case to federal court. *See Farquhar*, 116 F.R.D. at 73 ("Although defendant removed the case to this court, it cannot properly be said that he is now before this court by choice, since plaintiff filed this lawsuit to begin with").

"The purposes underlying these general rules create a presumption that there is good cause for a protective order when a deposition is noticed for a location other than the defendant's place of residence." *Steppe*, 2007 U.S. Dist. at *5 (citing *Chris-Craft*, 184 F.R.D. at 607). It does not appear to the Court there exist any "unusual circumstances which justify" the inconvenience to Werner that would result if its representative(s) were compelled to appear for a deposition in Louisville rather than in Omaha. *Id.* Indeed, Culver has not filed a response to the Motion to attempt to justify her insistence that the deposition take place in Louisville. With respect to the date set in the Deposition Notice, March 6, 2015, over one month has passed since that date and there is no evidence that Culver has been prejudiced as a result. For the foregoing reasons, the Court finds that Werner has established good cause for a protective order striking the Deposition Notice.

5

Accordingly, IT IS HEREBY ORDERED that the Deposition Notice (DN 27) issued by Culver to Werner is STRICKEN pursuant to the Court's authority under Rule 26(c)(1) of the Federal Rules of Civil Procedure. Werner shall not be compelled to appear for a deposition in Louisville, Kentucky. Any deposition of Werner conducted by Culver SHALL BE HELD IN OMAHA, NEBRASKA or another location that Werner's counsel confirms is convenient for and agreeable to Werner. Should Culver desire to depose a corporate representative of Werner, counsel for both parties SHALL CONFER REGARDING DATES that are acceptable to both parties prior to any notice of deposition being issued by Culver.

cc: Counsel of record